UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2025
```

QUINTIN BALLENTINE,

                Plaintiff,

-against-

CARES FOR THE HOMELESS; JOHN/JANE DOE SHELTER STAFF 1-10; CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,

                Defendants.

25-CV-3819 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his federal constitutional rights as well as his rights under the Americans with Disabilities Act ("ADA") and New York state law. The Court can also construe the amended complaint as asserting claims under the Fair Housing Act ("FHA").[1] By order dated May 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

---

[1] Plaintiff filed the original complaint in this action on May 4, 2025. On May 28, 2025, without direction from the court, Plaintiff filed an amended complaint. (ECF 7.) Plaintiff subsequently filed two documents which he labeled as "Memorand[a] of Law." (ECF 8, 9.) In light of Plaintiff's *pro se* status, the Court construes the amended complaint and these memoranda of law as a single operative pleading.

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    New York City Department of Homeless Services

Plaintiff's claims against the Department of Homeless Services must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the Department of Homeless Services for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B(ii).

In light of Plaintiff's *pro se* status, the Court will construe any allegations asserted against the Department of Homeless Services as being asserted against the City of New York, which is also a named defendant in this action.

### B.    Service on remaining defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Cares for the Homeless and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Homeless Services. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses for Cares for the Homeless and the City of New York, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   July 10, 2025
         New York, New York

                                              _____
                                                    GREGORY H. WOODS
                                                 United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Cares for the Homeless
   30 E. 33rd Street, 5th Floor
   New York, NY 10016

2. The City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007