```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                          :
QUINTIN J. BALLENTINE,                                     :
                                                          :
                                    Plaintiff,            :          1:25-cv-3819-GHW
                                                          :
            -v-                                            :          ORDER
                                                          :
CARES FOR THE HOMELESS, *et al.*,                         :
                                                          :
                                    Defendants.           :
                                                          :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On September 30, 2025, Plaintiff requested leave to amend his complaint. Dkt. No. 24. The

Court denied that request without prejudice because Plaintiff had not filed his proposed amended

complaint alongside his request to amend. Dkt. No. 25. On October 1, 2025, Plaintiff filed an

amended complaint without leave of court. Dkt. No. 26. Defendant Care for the Homeless filed its

motion to dismiss on October 23, 2025. Dkt. No. 28. Plaintiff filed an opposition on November

12, 2025. Dkt. No. 33. On November 21, 2025, Plaintiff once again requested to amend his

complaint once again, this time filing his proposed amended complaint. Dkt. No. 36. The Court

will not act on Plaintiff's request at this time and will consider his request for leave to amend

alongside Defendant Cares for the Homeless's motion to dismiss.

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend

shall be freely given when justice so requires, it is within the sound discretion of the district court to

grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)

(citation omitted). "[W]hen a plaintiff properly amends [his] complaint after a defendant has filed a

motion to dismiss that is still pending, the district court has the option of either denying the pending

motion as moot or evaluating the motion in light of the facts alleged in the amended complaint."

*Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020). Here, Plaintiff filed his

amended complaint outside of the 21-day window provided for by Federal Rule of Civil Procedure 15(a)(1), and after Defendant Cares for the Homeless filed a reply in support of its motion to dismiss.  Accordingly, the Court exercises its discretion to consider the motion to amend alongside the motion to dismiss.  *See id.* at 304 (endorsing approach of district court that 'consider[ed] [the plaintiff's] original complaint in evaluating the motion to dismiss [and] separately assess[ed] the validity of [the plaintiff's] application to amend [his] complaint.");*see also Boyer Works USA, LLC v. Rubrik's Brand Ltd.*, No. 21-cv-7468 (AKH), 2022 WL 355398 (S.D.N.Y. Feb. 7, 2022) (considering motion to amend alongside motion to dismiss where former motion was filed after briefing on motion to dismiss had closed).

The Court reminds Plaintiff that Defendant City of New York's deadline to file its motion to dismiss by December 3, 2025.  Should Plaintiff wish to amend his complaint upon review of the City's motion, he may do so within 21 days of the service of the motion without leave of court.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 33.

SO ORDERED.

Dated: November 30, 2025

_____
GREGORY H. WOODS
United States District Judge

2