USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                               :
QUINTIN J. BALLENTINE,               :
                               :
                  Plaintiff,     :               1:25-cv-3819-GHW
                               :
         -v-                    :               ORDER
                               :
CARES FOR THE HOMELESS, *et al.*,    :
                               :
              Defendants.   :
                               :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On October 2, 2026, Defendant Cares for the Homeless ("CFTH") filed its motion to dismiss Plaintiff's complaint. Dkt. No. 28. That motion was fully briefed when CFTH filed a reply on November 20, 2025. On January 2, 2026, Defendant City of New York (the "City") filed a motion to dismiss Plaintiff's complaint. Dkt. No. 46. Plaintiff amended his complaint on January 21, 2026. Dkt. No. 48 ("TAC"). This is Mr. Ballentine's third amended complaint, though his prior amendment was improper. *See* Dkt. No. 26. On January 21, 2026, Plaintiff also filed his opposition to the City's motion to dismiss, relying on the facts alleged in the amended complaint. Dkt. No. 47. Having considered the new allegations in the complaint, the Court denies the City's motion to dismiss and CFTH's motion to dismiss as moot.

"[W]hen a plaintiff properly amends [his] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020). "[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). "In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff seeks to add new defendants or claims and whether the existing

defendant has responded to the proposed amendments." *Han v. Fin. Supervisory Serv.*, No. 1:23-CV-5451-MKV, 2025 WL 588078, *1 (S.D.N.Y. Feb. 24, 2025).

Mr. Ballentine properly amended his complaint. *See* Fed. R. Civ. P. 15(a)(1)(B). In his amended complaint, he asserts, for the first time, a cause of action under 42 U.S.C. § 1983 premised on the violation of his Fourth Amendment rights. He alleges that staff of CFTH acted "in concert" with City employees to seize him "without probable cause." TAC at 4. He also adds allegations related to his claims against the City. *See, e.g., id.*

Neither CFTH nor the City have had the opportunity to respond to Mr. Ballentine's assertion of a new cause of action. Though the City's motion to dismiss is not yet fully briefed, Mr. Ballentine's opposition relies on his amended complaint. Accordingly, the pending motions to dismiss are denied without prejudice.

The Court reminds Plaintiff that the rule only allows for a single amendment without prior leave of court. *See* Fed. R. Civ. P. 15. The Court will not consider amendments filed without leave of court.

For the foregoing reasons, the Defendants' motions to dismiss are DENIED AS MOOT. The deadline for CFTH and the City to answer or otherwise respond to the complaint is February 18, 2026. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 28, 46.

SO ORDERED.

Dated: January 27, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2